UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BHOJAK,                  )  Case No.S:12-CV-00202 JAM-CMK
                                 )
                Plaintiff,       )  **AMENDED PRETRIAL**
                                 )  **CONFERENCE ORDER**
       v.                        )
                                 )
VICTOR COMMUNITY SUPPORT         )
SERVICES,                        )
                                 )
                Defendant.       )
_____)

Pursuant to court order, a Pretrial Conference was held on April 12, 2013 before Judge John Mendez.  Gregory P. Einhorn appeared as counsel for plaintiff; Michael A. Bishop and Shelbi L. Ovenstone appeared as counsel for defendant.  After hearing, the court makes the following findings and orders:

I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §1331, and has previously been found to be proper by order of this court, as has venue.  Those orders are confirmed.

II. JURY/NON-JURY

Both parties have demanded a jury trial.

///

1

### III. STATEMENT TO BE READ TO JURY

Seven (7) days prior to trial the parties shall E-file a joint statement of the case that may be read to the jury at the beginning of jury selection.

### IV. UNDISPUTED FACTS

The parties agree that the following facts are undisputed:

1.   Plaintiff was hired on or about July 6, 2004 for the Insurance Coordinator position offered by Defendant.

2.   On or about September 2007, Plaintiff was promoted to the position of Contract Compliance Specialist.

3.   For the duration of his employment, Plaintiff worked at Defendant's administrative office, located in Chico, California.

4.   Between the years of 2008 and 2010, Plaintiff requested, and was granted, leave from Defendant.

5.   This leave was requested, and granted, under state and federal law, specifically, the FMLA and CFRA.

6.   Plaintiff's employment was terminated by Defendant on September 2, 2010.

7.   From approximately June 22, 2009 through the date of Plaintiff's termination, Plaintiff's immediate supervisor was James P. White.

8.   James P. White was the Office Services Manager for Defendant's administrative office in Chico, California.

9.   During Mr. White's employment with Defendant, the budget for the administrative office was based on the income received by all of Victor's programs throughout the State: a percentage of all of the programs' income came to the administrative Office.

10.  Defendant is subject to the ADA, FMLA, CFRA and FEHA

rules and regulations.

11.   Plaintiff was not on medical leave at the time of his involuntary termination.

12.   Plaintiff was performing competently in his position as a Contracts Compliance Specialist at the time of his termination.

13.   From approximately July of 2006 through and including his involuntary termination in September of 2010, Plaintiff received no warnings or write-ups in relation to his attendance with Defendant.

14.   At no time did Defendant challenge or question Plaintiff's requests for leave under state and federal law.

15.   During his employment with Defendant, Mr. White's supervisor was Monte Buckhold.

V.   DISPUTED FACTUAL ISSUES

The following facts are in dispute:

1.   Whether Defendant considered Plaintiff's use of medical leave as a factor in its decision to terminate him.

2.   Whether Defendant was experiencing budgetary constraints at the time of Plaintiff's termination.

3.   Whether Defendant had undergone budget cuts at the time of Plaintiff's termination.

4.   Whether Defendant terminated Plaintiff's employment based on his disability.

5.   Whether Defendant's stated reason for Plaintiff's termination was a pretext for discrimination.

6.   Whether Defendant failed to reasonably accommodate Plaintiff's disability.

///

///

## VI. DISPUTED EVIDENTIARY ISSUES

Plaintiff takes exception to Defendant's proposed Exhibit 43: a string of emails concerning a car accident in February of 2010. Plaintiff contends this exhibit is not relevant to the lawsuit.

## VII. RELIEF SOUGHT

Plaintiff seeks the following monetary damage:

1.  Back pay (wages and benefits);

2.  Front pay;

3.  Liquidated damages under the FMLA;

4.  Compensatory damages (including pain, suffering, humiliation, emotional distress);

5.  Prejudgment interest;

6.  Punitive damages;

7.  Attorneys' fees; and

8.  Costs

## VIII. POINTS OF LAW

Trial briefs shall be E-filed with the court no later than seven (7) days prior to the date of trial, i.e., May 13, 2013.  Any points of law not previously argued to the Court should be briefed in the trial briefs.

## IX. ABANDONED ISSUES

Plaintiff has not abandoned any claims for relief.

Pursuant to the Court's prior ruling on Defendant's Motion for Summary Judgment, Defendant has abandoned the argument that Plaintiff failed to exhaust all administrative remedies based on the fact that Plaintiff's filing of a DFEH complaint was deemed to be sufficient to satisfy the necessary exhaustion of any EEOC remedies.

X. <u>WITNESSES</u>

Plaintiff anticipates calling the following witnesses:

1.   Plaintiff, Michael Bhojak

2.   Deborah Bhojak

3.   James P. White

4.   John Helvey

5.   Monte Buckhold

6.   Cathy Rayden

7.   Lisa Finwall

Defendant anticipates calling the following witnesses:

1.   Plaintiff Michael Bhojak

2.   James P. White

3.   John Helvey

4.   Monte Buckhold

5.   Cathy Rayden

6.   Ray Mestas

7.   Doug Scott

Each party may call a witness designated by the other.

A.   No other witnesses will be permitted to testify unless:

(1)   The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)   The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B.   Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may

1  consider at trial whether the witnesses shall be permitted to
2  testify.  The evidence will not be permitted unless:

3          (1)  The witnesses could not reasonably have been
4  discovered prior to Pretrial;

5          (2)  The court and opposing counsel were promptly
6  notified upon discovery of the witnesses;

7          (3)  If time permitted, counsel proffered the witnesses
8  for deposition;

9          (4)  If time did not permit, a reasonable summary of the
10  witnesses' testimony was provided opposing counsel.

11                  XI. EXHIBITS, SCHEDULES AND SUMMARIES

12      Plaintiff intends to introduce the following exhibits:

13      1.   September 2, 2010 termination letter.

14      2.   Personnel Action form dated 4/3/2009 (2 pages).

15      3.   April 6, 2009 letter from VCCS.

16      4.   Medical Certification - FMLA/CFRA dated 3/6/2009.

17      5.   Victor Treatment Centers, Inc. Annual Evaluation Form -
18  Contracts Compliance Specialist, dated 12/18/09 (6 pages).

19      6.   Supervision Notes - Michael Bhojak, dated February 2,
20  2009.

21      7.   Supervision Log - dated 4/19/2006.

22      8.   Personnel Action form - dated 4/19/2006.

23      9.   April 24, 2006 email from Plaintiff to Monte Buckhold and
24  Ray Mestas re: 90 day action plan.

25      10.  Monthly Supervision notes dated February 28, 2006.

26      11.  Monthly Supervision notes dated March 22, 2006.

27      12.  Victor Treatment Centers Insurance Coordinator/Food
28  Program Evaluation Form - dated 11/18/2005 (6 pages).

1       13.   Chico Task List 2005 (5 pages).

2       14.   Vacation request forms (various).

3       15.   Weekly/90 Day/Six Month Evaluation dated 1/11/2005 (2

4  pages).

5       16.   90 Day Evaluation dated 11/8/2004 (3 pages).

6       17.   Victor Treatment Centers form PF98-48 dated 1/25/05.

7       18.   Victor Treatment Centers Time Card Reports (various).

8       19.   Time Clock Exception Forms (various).

9       20.   Personnel Change form dated 7/10/2005.

10       21.   Supervision Log dated 4/15/2005.

11       22.   Personnel Change form dated 1/1/2005.

12       23.   Evaluation Form dated 7/9/2004 (2 pages).

13       24.   Evaluation Form dated 7/19/2004 (2 pages).

14       25.   Victor Treatment Centers Insurance Coordinator Evaluation

15  Form dated 7/21/2005 (4 pages).

16       26.   Contract Compliance Specialist job description (2 pages).

17       27.   VCSS form dated 9/17/2010.

18       28.   Cobra Notification Form dated 9/17/2010.

19       29.   Employment Status/Benefits Change Form dated 9/17/2010.

20       30.   Personnel Action form dated 7/9/2010 (2 pages).

21       31.   Supervision notes dated 3/27/2009.

22       32.   Victor Treatment Centers Insurance Coordinator Evaluation

23  Form dated 11/24/2008 (4 pages).

24       33.   Michael Bhojak annual evaluation - 2008 (2 pages).

25       34.   Victor Treatment Centers Insurance Coordinator Evaluation

26  Form dated 10/28/2007 (4 pages).

27       35.   Michael Bhojak annual evaluation - 2007 (2 pages.)

28       36.   Untitled type-written notes dated 12/27/2006 signed by

1  Plaintiff and Office Services Manager.

2       37.  Victor Treatment Centers Insurance Coordinator/Food

3  Program Evaluation Form dated 10/24/2006 (5 pages).

4       38.  Michael Bhojak - 2006 type-written notes.

5       39.  Review of Personnel Action Dated 5/22/2006.

6       40.  Personnel Action form dated 8/9/2005.

7       41.  Attendance Action Plan dated 8/13/2005.

8       42.  Attendance Standards dated 3/13/98 and signed 8/10/2005.

9       43.  Supervision with Michael Bhojak on September 17, 2004 (2

10 pages).

11      44.  Undated form entitled, "Follow-up" and signed on 10/5/04

12 and 9/28/04.

13      45.  Hand-written notes on Food Program Job Description (2

14 pages).

15      46.  Evaluation Form dated 9/10/2004 (3 pages).

16      47.  Evaluation Form dated 8/27/2004 (2 pages).

17      48.  Evaluation Form dated 8/23/2004 (2 pages).

18      49.  Evaluation Form dated 9/2/2004 (2 pages).

19      50.  Evaluation Form dated 8/13/2004 (2 pages).

20      51.  Evaluation Form dated 8/6/2004 (2 pages).

21      52.  Evaluation Form dated 7/29/2004 (4 pages).

22      53.  Evaluation Form dated 7/23/2004 (2 pages).

23      54.  Evaluation Form dated 7/19/2004 (3 pages).

24      55.  Evaluation Form dated 7/9/2004 (2 pages).

25      56.  Insurance Coordinator Duties hand-written sheet dated

26 7/14/04.

27      57.  Michael Bhojak Insurance Coordinator type-written duties

28 – undated.

1      58.   Task List Organized by Time – undated.

2      59.   Insurance Coordinator Administrative Office Job

3    Description (2 pages).

4      60.   Declaration of Monte Buckhold in support of Defendant's

5    Motion for Summary Judgment – dated February 13, 2013.

6      61.   Provisions of Employee Handbook from various versions,

7    including, but not limited to, those involving employee benefits,

8    leaves of absence, PTO, attendance standards, resolving grievances,

9    and the ADA.

10     62.   Michael Bhojak – Total percentage increase since hire

11   (VCSS 0319).

12     63.   Michael Bhojak Supervision Binder Starting June 2009

13   (VCSS 0346).

14     64.   Employee Performance Review dated 8/24/2010.

15     65.   Employee Performance Review dated 7/27/2010.

16     66.   Employee Performance Review dated 6/1/2010.

17     67.   Employee Performance Review dated 5/12/2010.

18     68.   Employee Performance Review dated 4/6/2010.

19     69.   Employee Performance Review dated 1/26/2010.

20     70.   Employee Performance Review dated 1/12/2010.

21     71.   Employee Performance Review dated 12/9/2009.

22     72.   Employee Performance Review dated 12/18/2009.

23     73.   Employee Performance Review dated 12/1/2009.

24     74.   Employee Performance Review dated 11/17/2009.

25     75.   Employee Performance Review dated 11/5/2009.

26     76.   Supervision Notes from 10/9/2009 meeting.

27     77.   FMLA Hours Summary (VCSS 0369).

28     78.   Employee Performance Review dated 10/8/2009.

1   79.  Employee Performance Review dated 9/22/2009.

2   80.  Employee Performance Review dated 9/8/2009.

3   81.  Employee Performance Review dated 8/11/2009.

4   82.  Employee Performance Review dated 7/28/2009.

5   83.  Employee Performance Review dated 5/18/2010.

6   84.  Michael Bhojak Supervision Meeting with Monte Buckhold

7   and Jim White dated April 16, 2010 (2 pages).

8   85.  Email from Michael Bhojak to Jim White dated April 29,

9   2010.

10   86.  Supervision 3/16/2009 (VCSS 0392).

11   87.  Employee Performance Review dated 2/9/2010.

12   88.  Employee Performance Review dated 2/23/2010.

13   89.  Employee Performance Review dated 3/16/2010.

14   90.  Medical Certification form dated 3/16/2010.

15   91.  Argyll Medical Group doctor's notes dated 3/15/2010,

16   3/18/2010 and 3/31/2010.

17   92.  Enloe Medical Center Prompt Care report dated 3/11/2010

18   (VCSS 0418).

19   93.  April 2010 time study sheets (multiple).

20   94.  November 2009 FMLA Hours Summary.

21   95.  Michael Bhojak medical file (VCSS 0427-0474).

22   96.  Type-written notes from Cathy Rayden (2 pages)(VCSS 0475-

23   0476).

24   97.  Wage and benefit information (W2s, pay stubs, form

25   entitled "Benefits offered at time of hire").

26   Defendant intends to introduce the following exhibits:

27   200. October 25, 2004 Email from Judy Erickson to Chico Office

28   re: Plaintiff calling in sick.

10

1   201. October 27, 2004 Email from Christine Favor to Chico
2   Office re: "Michael will not be in today."

3   202. Days out for October 25, 2004 until August 9, 2005.

4   203. August 9, 2005 Personnel Action—Notification re: poor
5   attendance, excessive absenteeism.

6   204. October 14, 2005 Doctor's Note for Michael Bhojak from
7   Chico Immediate Care Medical Center.

8   205. December 7, 2005 Doctor's Note from Chico Immediate Care
9   Medical Center.

10  206. December 14, 2005 Doctor's Note from Chico Immediate Care
11  Medical Center.

12  207. December 14, 2005 Personnel Change form re: starting
13  FMLA.

14  208. December 19, 2005 Doctor's Note from Chico Immediate Care
15  Medical Center.

16  209. December 27, 2005 Personnel Change form re: Return from
17  LOA.

18  210. February 27, 2006 Monthly Supervision.

19  211. April 6, 2006 Doctor's Note from Chico Immediate Care
20  Medical Center.

21  212. April 19, 2006 Email from Michael Bhojak to Monte
22  Buckhold.

23  213. April 19, 2006 Personnel Action—Warning re: attendance.

24  214. April 19, 2006 Supervision Log.

25  215. April 24, 2006 Email from Michael Bhojak to Ray Mestas
26  and Monte Buckhold re: 90 day action plan.

27  216. December 6, 2006 Doctor's Note from Chico Immediate Care
28  Medical Center.

217. December 19, 2006 Employment Status/Benefits Change Form re: "off the job illness."

218. December 19, 2006 Change Form re: LOA.

219. December 27, 2006 Supervision Log.

220. December 27, 2006 Doctor's Note from Chico Immediate Care Medical Center.

221. March 24, 2007 Supervision Log.

222. November 16, 2007 Doctor's Note from Argyll Medical Group, LLC.

223. October 22, 2008 Doctor's Note from Enloe Medical Center.

224. October 27, 2008 Change Form re: LOA.

225. November 24, 2008 Insurance Coordinator Evaluation Form.

226. November 26, 2008 Notice to Employer of State Disability Claim Filed.

227. December 1, 2008 Doctor's Note from L. Gretchen Wooding, M.D.

228. January 6, 2009 Change form re: Return from LOA.

229. February 2, 2009 Supervision Notes re: attendance.

230. February 20, 2009 Notice to Employer of State Disability Claim Filed.

231. March 2, 2009 Denial for Lung Transplant Program from Stanford University Medical Center.

232. April 3, 2009 Personnel Action—Written Warning.

233. April 6, 2009 letter from Cathy Rayden to Plaintiff re: grievance.

234. April 7, 2009 Notes from Cathy Rayden re: Plaintiff's grievance.

235. April 17, 2009 Personnel Action—Written Warning.

236. April 19, 2009 Enloe Medical Center Return to Work Prescription.

237. May 6, 2009 Medical Certification—FMLA/CFRA for Michael Bhojak.

238. September 17, 2009 Email re: "Out till Monday and related doctor's note."

239. October 8, 2009 Employee Performance Review.

240. Supervision Notes from October 9, 2009 Meeting.

241. FMLA Hours Summary November 2009.

242. February 2010 Chain of emails re: car accident.

243. March 11, 2010 Notice to Employer of Disability Insurance Claim Filed.

244. March 15, 2010 Doctor's Note from Argyll Medical Group.

245. March 15, 2010 Medical Certification—FMLA/CFRA.

246. March 17, 2010 Change Form re: LOA.

247. March 18, 2010 Doctor's Note from Argyll Medical Group.

248. March 19, 2010 Letter from Jim White to Michael Bhojak re: FMLA absence.

249. March 31, 2010 Doctor's Note from Argyll Medical Group.

250. April 5, 2010 Change Form re: return from LOA.

251. April 16, 2010 Notes from Supervision Meeting with Monte Buckhold and Jim White.

252. April 6, 2010 Employee Performance Review.

253. July 9, 2010 Personnel Action—Written Warning.

254. September 2, 2010 Termination Letter.

255. September 17, 2010 VCSS Termination Form.

256. September 17, 2010 Employment Status/Benefits Change Form.

1    257. VTC Workout Equipment & Gym Release of Liability &

2  Consent Form for Michael Bhojak.

3    258. VTC Paddle Boat Release of Liability & Consent Form for

4  Michael Bhojak.

5    259. Contract Compliance Specialist Job Description.

6    260. Certifications of Treatment from North State Pulmonary

7  Associates excusing Plaintiff from work on various dates.

8    261. Signed Acceptance of Attendance Standards.

9    Each party may use an exhibit designated by the other.

10    A.   No other exhibits will be permitted to be introduced

11  unless:

12       (1)  The party proffering the exhibit demonstrates that

13  the exhibit is for the purpose of rebutting evidence which could

14  not be reasonably anticipated at the Pretrial Conference, or

15       (2)  The exhibit was discovered after the Pretrial

16  Conference and the proffering party makes the showing required in

17  paragraph "B," below.

18    B.   Upon the post-Pretrial discovery of exhibits, the

19  attorneys shall promptly inform the court and opposing counsel of

20  the existence of such exhibits so that the court may consider at

21  trial their admissibility.  The exhibits will not be received

22  unless the proffering party demonstrates:

23       (1)  The exhibits could not reasonably have been

24  discovered prior to Pretrial;

25       (2)  The court and counsel were promptly informed of

26  their existence;

27       (3)  Counsel forwarded a copy of the exhibit(s) (if

28  physically possible) to opposing counsel.  If the exhibit(s) may

1   not be copied, the proffering counsel must show that he has made

2   the exhibit(s) reasonably available for inspection by opposing

3   counsel.

4       As to each exhibit, each party is ordered to exchange copies

5   of the exhibit not later than fourteen (14) days before trial.

6   Each party is then granted five (5) days to file and serve

7   objections to any of the exhibits.  In making the objection, the

8   party is to set forth the grounds for the objection.  The parties

9   shall pre-mark their respective exhibits in accord with the Court's

10  Pretrial Order.  Exhibit stickers may be obtained through the

11  Clerk's Office.  An original and one (1) copy of the exhibits shall

12  be presented to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on

13  the date set for trial or at such earlier time as may be agreed

14  upon.  Mr. Vine can be contacted at (916) 930-4091 or via e-mail

15  at: hvine@caed.uscourts.gov.  As to each exhibit which is not

16  objected to, it shall be marked and may be received into evidence

17  on motion and will require no further foundation.  Each exhibit

18  which is objected to will be marked for identification only.

19                    XII. DISCOVERY DOCUMENTS

20      Plaintiff intends to use the following discovery documents at

21  trial:

22      1.   Defendant Victor Community Support Service's Response to

23  Plaintiff's Request for Interrogatories, Set One.

24      2.   Defendant Victor Community Support Service's Response to

25  Plaintiff's Request for Production of Documents, Set One.

26      Defendant intends to use the following discovery documents at

27  trial:

28      1.   Plaintiff's   Response   to   Defendant   Victor   Community

1  Support Service's Request for Interrogatories, Set One.

2      2.    Plaintiff's Response to Defendant Victor Community

3  Support Services Request for Production of Documents, Set One.

4      3.    Transcript of Plaintiff Michael Bhojak's Deposition.

5                  XIII.  FURTHER DISCOVERY OR MOTIONS

6      Pursuant to the court's Status Conference Order, all discovery

7  and law and motion was to have been conducted so as to be completed

8  as of the date of the Pretrial Conference.  That order is

9  confirmed.  The parties are free to do anything they desire

10  pursuant to informal agreement.  However, any such agreement will

11  not be enforceable in this court.

12                      XIV.  STIPULATIONS

13      The parties agree there are no stipulations.

14                  XV.  AMENDMENTS/DISMISSALS

15      The parties agree there are no requests to amend or dismiss

16  with regard to any party or pleading in this case.

17                  XVI.  FURTHER TRIAL PREPARATION

18      A.    Counsel are directed to Local Rule 285 regarding the

19  contents of trial briefs.  Such briefs should be E-filed seven (7)

20  days prior to trial, i.e., May 13, 2013.

21      B.    Counsel are further directed to confer and to attempt to

22  agree upon a joint set of jury instructions.  The joint set of

23  instructions shall be lodged via ECF with the court clerk seven (7)

24  calendar days prior to the date of the trial, i.e., May 13, 2013,

25  and shall be identified as the "Jury Instructions Without

26  Objection."  As to instructions as to which there is dispute the

27  parties shall submit the instruction(s) via ECF as its package of

28  proposed jury instructions three days before trial, i.e., May 17,

2013.  This package of proposed instructions should not include the "Jury Instructions Without Objection" and should be clearly identified as "Disputed Jury Instructions" on the proposed instructions.

The parties shall e-mail a set of all proposed jury instructions in word or wpd format to the Court's Judicial Assistant, Jane Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

C.    It is the duty of counsel to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j).  The depositions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

D.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

E.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

F.    Each party may submit proposed voir dire questions the party would like the court to put to prospective jurors during jury

selection.  Proposed voir dire should be submitted via ECF one (1) week prior to trial.

G.  Each party may submit a proposed verdict form that the party would like the Court to use in this case.  Proposed verdict forms should be submitted via ECF one (1) week prior to trial.

H.  In limine motions shall be E-filed separately at least ten (10) days prior to trial, i.e., May 10, 2013.  Opposition briefs shall be E-filed five (5) days prior to trial, i.e., May 15, 2013.  No reply briefs may be filed.

XVII.  <u>SETTLEMENT NEGOTIATIONS</u>

A Settlement Conference is set before Judge Kimberly Mueller on April 29, 2013, at 1:30 p.m. in Courtroom No. 3.

The parties are directed to submit confidential settlement conference statements to the court using the following email address: kjmorders@caed.uscourts.gov.  If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).  Statements are due at least 7 days prior to the settlement conference.  Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the settlement conference on any terms.  See Local Rule 270.

XVIII.  <u>AGREED STATEMENTS</u>

See paragraph III, *supra*.

XIX.  <u>SEPARATE TRIAL OF ISSUES</u>

The parties agree that a separate trial of issues is neither feasible nor advisable.

///

1

XX.  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

2      The parties agree that the Court need not appoint any expert

3 witnesses in this case.   The parties are not calling expert

4 witnesses.

5

XXI. ATTORNEYS' FEES

6      The matter of the award of attorneys' fees to prevailing

7 parties pursuant to statute will be handled by motion in accordance

8 with Local Rule 293.

9

XXII. MISCELLANEOUS

10      Associate attorney Virginia L. Gingery (SBN 260596) will

11 assist Plaintiff's counsel at trial.

12

XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

13      The parties estimate four (4) to five (5) court days for

14 trial.   Trial will commence on May 20, 2013, at 9:00 a.m.

15      Counsel are to call Harry Vine, Courtroom Deputy, at

16 (916) 930-4091, one week prior to trial to ascertain the status of

17 the trial date.

18      IT IS SO ORDERED.

19      DATED: April 24, 2013

20                                   /s/ John A. Mendez_____

21                                   JOHN A. MENDEZ
                                     United States District Court Judge

22

23

24

25

26

27

28